UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CALLEN L. DEMPSTER | * | CIVIL ACTION NO. 18-6158 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "G"(1) |
| VERSUS | * | |
| | * | JUDGE NANNETTE JOLIVETTE BROWN |
| | * | |
| LAMORAK INSURANCE CO., ET AL. | * | |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash Subpoena filed by the plaintiff Callen L. Dempster (Rec. Doc. 44), who seeks to prevent defendants Albert Bossier, Jr. and J. Melton Garrett from obtaining a copy of documents reflecting Mr. Dempster's settlement of claims in connection with alleged asbestos-related illness or other occupational disease. Because the settlement documents, with settlement amounts redacted, are discoverable, the Motion to Quash is DENIED.

Background

Mr. Dempster alleges that from 1962 through 1994, he was employed by a company now known as Huntington Ingalls Inc. ("Avondale"). He alleges that during his employment, he was exposed to asbestos that resulted in his asbestos-related cancer and/or lung/cancer, which did not manifest until 2017. He alleges that prior to 1975, he was exposed to asbestos on a daily basis. In addition to alleging the liability of Avondale, Mr. Dempster alleges that the executive officers of Avondale from 1962 through 1994 are personally liable. Most of them have died, but Mr. Dempster has joined two of them, Mr. Bossier and Mr. Garrett, as defendants to this lawsuit. The other defendants in this action include manufacturers of asbestos related products, companies that

1

provided contract work with Avondale where asbestos-containing products were allegedly used, and insurance companies.

Mr. Dempster filed his petition for damages in state court on March 14, 2018. It appears the state court litigation began quickly. Mr. Dempster was deposed on April 23, 2018. A notice of records deposition was served by Mr. Bossier on non-party the Wilson Law Firm for the same settlement documents at issue here. A motion to quash the Notice of Records Deposition was filed and set for hearing on June 15, 2018, and the records deposition was stayed pending resolution of the motion. Before the state court motion to quash could be fully resolved, on June 21, 2018, defendants Avondale, Bossier, Garrett, and Lamorak Insurance Company ("Lamorak") removed the case, invoking this Court's jurisdiction over actions relating to conduct under color of federal office commenced in state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1). The Defendants assert that this provision applies because during his term of employment, Mr. Dempster worked on construction of United States Navy Destroyer Escorts under contracts between Avondale and the United States. On June 22, 2018, Mr. Dempster filed a motion to remand, which is pending before the District Judge.

Meanwhile, on July 26, 2018, Mr. Bossier and Mr. Garrett served a subpoena for documents on the Wilson Law Firm requesting:

> [a]ny and all documents concerning or reflecting settlements, compromises, and agreements to settle or compromise any claims asserted by Callen Dempster: SSN: XXX-XX-7703, YOB: 1932, in connection with Mr. Dempster's alleged asbestos related illness or any occupational diseases, whether or not the settlement or agreement to settle or compromise is related to the lawsuit filed by Mr. Callen Dempster entitled Callen L. Dempster v. Lamorak Insurance Company, et al., CDC No. 2018-02513. **Please not that documents provided may have any amounts paid pursuant to any settlement or compromise deleted**.

(Rec. Doc. 44-4) (emphasis in original). Mr. Dempster filed the present Motion to Quash Subpoena. He argues that the sought after settlement agreements are not relevant because they do

2

not concern Mr. Dempster's lung cancer. He insists that even if the settlement documents contained statements of exposure, they would not be discoverable. He adds that settlement agreements will not be admissible at trial.

Mr. Bossier and Mr. Garrett oppose the Motion to Quash. They argue that the sought after information is relevant. They say it may contain statements by Mr. Dempster regarding his exposure to asbestos at Avondale or inconsistent with the position he is taking here with regard to his exposure to asbestos at Avondale. They argue they must be allowed to know the specific identity of all released entities because non-settling defendants are entitled to a credit for a settling joint-tortfeasor's virile share of any damages awarded if the settling co-defendant is proven to be at fault at trial. They also say the documents may indicate whether Mr. Dempster reserved or waived his rights with respect to potential recoveries from the remaining parties. They argue that this Court should not address admissibility at this stage, noting that only discoverability is at issue now.

In reply, Mr. Dempster points this Court to his pending Motion to Remand and argues that this court lacks jurisdiction over his claim. The Court notes that, while this Court will lose jurisdiction if the Motion to Remand is granted, at this time, it is the state court that lacks jurisdiction over Mr. Dempster's claim. Further, at oral argument, Mr. Dempster's counsel made clear that if the Motion to Remand is granted, counsel will try to hold the November 2018 trial date that the state court had ordered. In light of this representation, the Court finds that it cannot delay ruling on the Motion to Quash.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3); see Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817–18 (5th Cir. 2004). "Third party subpoenas are also 'subject to the parameters established by Rule 26.'" Hahn v. Hunt, No. CV 15-2867, 2016 WL 1587405, at *1 (E.D. La. Apr. 20, 2016), aff'd, No. CV 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016) (quoting Garvin v. S. States Ins. Exch. Co., No. CIV A 104CV73, 2007 WL 2463282, at *5 (N.D.W. Va. Aug. 28, 2007). Under Rule 26(b)(2)(C), the court must limit discovery if it determines "that the proposed discovery is outside of the scope permitted by Rule 26(b)(1)." See Mendoza v. Old Republic Ins. Co., No. 16-17743, 2017 WL 636069, at *3 (E.D. La. Feb. 16, 2017). Further, for good cause, the Court may issue a protective order limiting

the scope of disclosure or discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1)(D).

   2. *Discovery of Settlement Agreements*

"Settlement agreements, although inadmissible in evidence for some purposes, are both discoverable and admissible for other purposes." Cleveland Const. Inc. v. Whitehouse Hotel Ltd. P'ship, No. CIV.A. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004). For example, in Davis v. Johns-Manville Prod., a defendant sought to obtain settlement agreements between the plaintiff and its joint tort-feasors. No. CIV. A. 77-2282, 1990 WL 162844, at *1 (E.D. La. Oct. 16, 1990). The defendant argued that the names of the released parties could be pertinent to its claims for contribution and indemnity and that other terms of the settlement agreement were relevant to determine the proper reduction of any judgment rendered against the non-settling defendants. Id. The defendant also argued that the settlement amounts were relevant to disprove the plaintiff's allegation that he was unable to pay medical bills due to his inability to work. Id. The court found the settlement amounts were not discoverable because they were irrelevant. Id. The court explained that an award of damages against the defendant would be reduced by the settling defendant's proportionate fault or virile share (depending on the time period of injury),[1] not based on the amount paid by the settling defendant. Id. However, the court ordered that the defendant was entitled to production of the names of the settling joint tortfeasors so it could determine whether it could prove plaintiff's injuries were caused by those parties. Id. at *2.

---

[1] "Prior to the introduction of comparative negligence on August 1, 1980 . . . a remaining joint tortfeasor was entitled to a reduction in damages recoverable against him proportionate to the settling tortfeasor's *pro rata* share." Martin v. Am. Petrofina, Inc., 779 F.2d 250, 254 (5th Cir. 1985), modified, 785 F.2d 543 (5th Cir. 1986). Following the introduction of comparative negligence, "the nonsettling tortfeasor's liability is reduced . . . by the share that would have been due by the settling tortfeasor had he not been released." Diggs v. Hood, 772 F.2d 190, 196 (5th Cir. 1985)

Importantly, the issue of discoverability is not the same as admissibility. Statements about a claim that were made during settlement negotiations and evidence of making or accepting settlement offers are inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. But information "need not be admissible in evidence to be discoverable." Fed. R. Civ. Proc. 26(b)(1). Although applying state law, a state court case relied on by both parties demonstrates the point. In Oddo v. Asbestos Corp., the trial court excluded asbestos bankruptcy trust claims forms at trial, and the Louisiana Fourth Circuit Court of Appeals affirmed, finding that each claim form was "analogous to acceptance of a compromise" and therefore properly excluded. Oddo v. Asbestos Corp., 2014-0004 (La. App. 4 Cir. 8/20/15), 173 So. 3d 1192, 1217, writ denied, 2015-1712 (La. 11/6/15), 180 So. 3d 308. But earlier in the litigation, the Louisiana Fourth Circuit Court of Appeals reversed the trial court's order quashing a subpoena for documents related to claims for compensation submitted by the plaintiff to the asbestos bankruptcy trust. Oddo v. Asbestos Corp., No. 2012-C-0414, at 6 (La. App. 4 Cir. 5/18/12). The court of appeals underscored that discoverability is a different issue than admissibility and held that the subpoenaed documents were relevant to obtaining "true facts pertinent to the litigation," including determining whether the plaintiff had filed a claim with the trust, and therefore, the documents were discoverable. Id. at 8.

Thus, while settlement documents will not be admissible to prove liability, they might be admissible for other purposes. For example, the fact of settlement of a joint tortfeasor might be admissible to show that the damages owed by the non-settling defendants should be reduced by the virile share of the settling joint tortfeasors. See Belton v. Fibreboard Corp., 724 F.2d 500, 505 (5th Cir. 1984) (affirming the district's courts admission of evidence regarding the fact of settlement by co-defendants "for the purpose of explaining why those parties were not in court");

Romano v. Metro. Life Ins. Co., 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So. 3d 176, 181, writ denied, 2017-1072 (La. 10/9/17), 228 So. 3d 747 (explaining that under pre-comparative fault law, "for a solidary obligor's right to receive a 'virile share credit'" the remaining defendant must show "that 1) the plaintiff released a party, thereby precluding the remaining solidary obligors from seeking contribution from it, and 2) that the released party's liability is established at trial.").

3. *Dempster Settlement Documents*

The subpoena at issue here seeks more than just settlement agreements where Mr. Dempster compromised claims for asbestos-related illness or other occupational diseases. The subpoena seeks all documents "concerning or reflecting" such settlements. At oral argument, counsel for Mr. Bossier and Mr. Garrett explained that the subpoena seeks any affidavits that Mr. Dempster might have executed in conjunction with settlement of earlier claims arising out of asbestos exposure. It does not appear that any confidential settlement negotiations (like a mediation position statement) are being sought.

The Court finds it useful to divide the sought after documents into categories. The first category is the settlement agreements themselves, with any settlement amounts redacted as the defendants have requested. The Court finds these are relevant and discoverable. The identity of any parties that settled asbestos exposure claims with Mr. Dempster is relevant because these parties may bear some responsibility for the injuries alleged here. The terms of any settlement agreement are also relevant. If the settlement extends to the asbestos caused lung cancer that Mr. Dempster claims here and the defendants can prove those settling parties bear some responsibility for Mr. Dempster's lung cancer, then the defendants may be entitled to a reduction of any damages award against them. Indeed, the fact of settlement would likely be admissible at trial if the settlements concerned joint tortfeasors and the joint tortfeasors had settled the same claim at issue

7

here. Plaintiffs argue, however, that Mr. Dempster has not settled any asbestos-related lung cancer claims like the one raised here, and therefore any settlement by Mr. Dempster related to his non-lung cancer claims would not be admissible. The settlement agreements themselves are relevant to a determination of the accuracy of Mr. Dempster's assertions about the extent of his previous settlements. Again, the question at this stage is not whether the agreements will be admissible at trial. Accordingly, the Court finds the settlement agreements, with any settlement amounts redacted, are relevant and discoverable.

The other category to consider is settlement related documents. It does not appear that Mr. Bossier and Mr. Garret seek rejected settlement offers, settlement drafts, or mediation position statements. They are seeking affidavits or claim forms that might contain assertions by Mr. Dempster regarding his exposure to asbestos. This information is also relevant to the present case. While Mr. Dempster's prior statements about his asbestos exposure claim might not be admissible at trial for purposes of disproving his claim here or impeaching him, prior statements by Mr. Dempster regarding his asbestos exposure are relevant to a full understanding of Mr. Dempster's asbestos exposure, which is the basis for the present lawsuit.

Mr. Dempster did not identify any particular prejudice he would suffer if the sought after documents were disclosed during discovery. Counsel for Mr. Dempster did note at oral argument that the documents contained confidentiality provisions. To the extent maintaining confidentiality is necessary to protect the parties to the settlement agreements, the documents may be produced subject to a protective order limiting disclosure and use of the documents to this litigation. Sample orders frequently used in this district are available on this Court's website on the "Judges' Information" pages for Judge Roby and Judge North.

Conclusion

For the foregoing reasons, the Motion to Quash is DENIED. The Wilson Law Firm shall proceed with production of the requested documents and may do so pursuant to a protective order limiting disclosure and use of the documents to this litigation. Responsive documents are to be produced within 15 days of notice of this Order to the Wilson Law Firm.

New Orleans, Louisiana, this 16th day of August, 2018.

                                              Janis van Meerveld
                                        United States Magistrate Judge